UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

CASE NO. 14-1506

MOHAMED KHALIL and SANDRA DAMRAH

Appellants,

v.

DCP&P, et al.,

Appellees.

On Appeal from the
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY,
NEWARK VICINAGE

APPELLANTS' PETITION FOR REHEARING PURSUANT
TO RULES 35(b) AND 40(a)
OF THE FEDERAL RULES OF APPELLATE PROCEDURE

To:

**Defendant**
**THE NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY ("DCP&P")** *formerly known as* DIVISION OF YOUTH AND FAMILY SERVICES

represented by

**ROBERT HAYES MURPHY** OFFICE OF THE ATTORNEY GENERAL STATE OF NEW JERSEY 25 MARKET STREET P.O. BOX 116 TRENTON, NJ 08625 609-292-6095 Email: robert.murphy@lps.state.nj.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **KARA P. WOOD** *in her official capacity as Director of DCP&P* | represented by | **ROBERT HAYES MURPHY** (See above for address) *LEAD ATTORNEY ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **ALLISON BLAKE** *in her official capacity as the Commissioner of the Department of Children and Families* | represented by | **ROBERT HAYES MURPHY** (See above for address) *LEAD ATTORNEY ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **KEVIN BELLI** *in his individual capacity* | represented by | **ROBERT HAYES MURPHY** (See above for address) *LEAD ATTORNEY ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **GILLIAN BATTS** *in her individual capacity* | represented by | **ROBERT HAYES MURPHY** (See above for address) *LEAD ATTORNEY ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **JANET DASILVA** *in her individual capacity* | represented by | **ROBERT HAYES MURPHY** (See above for address) *LEAD ATTORNEY ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **ESPERANZA VARGAS** *in her individual capacity* | represented by | **ROBERT HAYES MURPHY** (See above for address) *LEAD ATTORNEY ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **ARLENE COHN** *in her individual capacity* | represented by | **ROBERT HAYES MURPHY** (See above for address) *LEAD ATTORNEY ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **EZEADI KELECHI** *in his individual* | represented by | **ROBERT HAYES MURPHY** (See above for |

| | | |
|---|---|---|
| | | address) *LEAD ATTORNEY ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**ALICE SCHAEFFER NADELMAN** *in her individual capacity* | represented by | **JUDITH ANNE WAHRENBERGER**<br>WAHRENBERGER & PIETRO LLP 155 MORRIS AVENUE SPRINGFIELD, NJ 07081 (973)258-9000 Email: jwahrenberger@wpslawfirm.com *LEAD ATTORNEY ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**GERALDINE LIVENGOOD** *in her individual capacity* | represented by | **ROBERT HAYES MURPHY** (See above for address) *LEAD ATTORNEY ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**FAMILY INTERVENTION SERVICES, INC.** | represented by | **RICHARD P. CUSHING**<br>GEBHARDT & KIEFER, PC 1318 ROUTE 31 PO BOX 4001 CLINTON, NJ 08809-4001 (908) 735-5161 Email: rcushing@gklegal.com *LEAD ATTORNEY ATTORNEY TO BE NOTICED* |

_____

# TABLE OF CONTENTS

                                                          **Page**

**STATEMENT PURSUANT TO LAR 35.1 AND FED. R. APP. P. 35(b)(1) . . 1**

**LEGAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

# TABLE OF AUTHORITIES

**CASES**                                         **PAGE**

*B.S. v. Somerset Cnty*, 704 F.3d 250, 260 (3d Cir. 2013) . . . . . . . . . . . . . . . .. 1-2

*City of Los Angeles v. Lyons*, 461 U.S. 95, 103, 103 S. Ct. 1660, 1666, 75 L. Ed. 2d 675 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . ..… . . . . . . ….. 1

*Ernst v. Child & Youth Services of Chester County*, 108 F.3d 486, 491-92 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . .…. 1,5

*Ex parte Garland*, 71 U.S. 333, 18 L. Ed. 366 (1866). . . . . . . . . . . . . . . . . . 3

*Great Western Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .…1-2

*Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005). . . . . . . . . . . . . .. 4

*Mazzetti v. Kara Wood, et al.*, Case Number 13-2095 (3rd Cir.) . . . . . . . . . . . . 1

*Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) . . .. . . . . . . . . .. . .. . . . . . . .. . . . . . . .. . . . . ..1

**RULES, STATUTES AND CONSTITUTION**                 **PAGE**

First Amendment to the United States Constitution . . . . . . . . . . . . . . . . . . . .6

Fourteenth Amendment to the United States Constitution . . . . .. . . . . . . . 1, 6

42 *U.S.C.* §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 1

Rule 35(b)(1) of the Federal Rules of Appellate Procedure . . . . . . . . . . . .. . . . 1

Rule 35.1 of the Local Rules of Appellate Procedure . . . . . . . . . . . . . . . . . . . . 1

# **STATEMENT PURSUANT TO**
# **LAR 35.1 AND FED. R. APP. P. 35(b)(1)**

I, Kenneth Rosellini, Attorney at Law duly admitted to practice in the Third Circuit Court of Appeals, express a belief, based on a reasoned and studied professional judgment that the Panel Decision is contrary to decisions of the United States Court of Appeals for the Third Circuit analyzing the *Rooker-Feldman* Doctrine to 42 U.S.C. §1983 Civil Rights Cases against state Child Protective Services agencies by applying the Third Circuit Test set forth in *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010), including *inter alia* the cases of *Mazzetti v. Wood*, 573 F. App'x 165, 167 (3d Cir. 2014) and *B.S. v. Somerset Cnty.*, 704 F.3d 250, 259 (3d Cir. 2013) (both of which are directly on point and which the Panel failed to cite), and that this appeal involves a question of exceptional importance as to rights of parents whose Constitutional Rights have been violated by state Child Protective Services agencies and recourse to address those violations pursuant to 42 U.S.C. §1983, particular the remedy of injunctive relief, which the Panel failed to consider under *City of Los Angeles v. Lyons*, 461 U.S. 95, 103, 103 S. Ct. 1660, 1666, 75 L. Ed. 2d 675 (1983).

## LEGAL ARGUMENT

The Complaint in this matter was improperly dismissed under the *Rooker-Feldman* Doctrine because the Panel refused to acknowledge what the Plaintiff-Appellants' Complaint actually asserts, and instead found that:

> Khalil is really challenging the state court's decision to terminate his parental rights is evidenced by the allegations in the complaint. He complains that "[i]t was the actions of the Defendants ... that resulted in the termination of his parental rights," and contends that Appellees committed fraud upon the court "in terminating [his] parental rights." (Compl.¶¶ 46, 117.) In fact, the termination of Khalil's parental rights was the result of a state-court order. Accordingly, the *Rooker–Feldman* doctrine applies, and the District Court correctly concluded that it lacked jurisdiction to consider the majority of Khalil's claims against Appellees.

*See Khalil v. New Jersey Div. of Child Prot. & Permanency*, No. 14-1506, at page 5 (3d Cir. Dec. 8, 2014). This is contrary to the proper application of *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010) as applied in the case of *B.S. v. Somerset Cnty.*, 704 F.3d 250, 259 (3d Cir. 2013), which found that *Rooker-Feldman* did not bar a §1983 action against a child protective services agency.

> We concluded that a federal claim alleging that the defendants conspired to engineer the plaintiff's loss in state court proceedings was not barred by *Rooker–Feldman* because it did not "assert injury caused by state-court judgments and seek review and rejection of those judgments[.]" *Id.* at 171.

2

> Because the injury Mother claims is likewise traceable to Appellees' actions, as opposed to the state court orders those actions allegedly caused, we reject Appellees' contention that the *Rooker–Feldman* doctrine precludes federal subject matter jurisdiction in this case. *Cf. id.* at 166–67 (a father's suit "for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent" is barred by *Rooker–Feldman* (quoting *Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77, 87 (2d Cir.2005))).

*See B.S. v. Somerset Cnty.*, 704 F.3d 250, 259-60 (3d Cir. 2013). Plaintiff-Appellant Khalil in the within matter is not seeking return of his son in the within federal case and is complaining of, *inter alia*, actions that are "likewise traceable to Appellees' actions, as opposed to the state court orders those actions allegedly caused . . . ." *See B.S. v. Somerset Cnty.*, 704 F.3d at 259-60.

The Panel goes through a great contortion to reconcile its decision with *Great Western Mining*.

> This conclusion is supported by our opinion in *Great Western Mining & Mineral Co. v. Fox Rothschild LLP.* In *Great Western,* we declined to apply the *Rooker–Feldman* doctrine to a lawsuit brought by the plaintiff-appellant alleging "an extensive conspiracy among [a defendant], numerous attorneys, and various state-court judges to engineer [the plaintiff's] defeat in state court."615 F.3d at 171. While acknowledging that the suit attacked state-court judgments, we concluded that we had jurisdiction over the claims because the "people involved in the decision violated ... [the plaintiff's] right to an impartial forum."*Id.* at 172. ***In contrast here, Khalil does not allege any conspiracy on the part of the family court or state court judges who ultimately made the decisions affecting his parental rights*. Indeed, although Khalil alleges that Livengood, a New Jersey deputy attorney general, falsely represented that Khalil's stepson committed suicide**

3

> **while in his custody, he has not alleged any "agreement [between Appellees and the state court decisionmakers] to reach a predetermined outcome in [his] case,"** such that he has pled a constitutional claim independent of any harm he suffered as a result of the state-court decisions. *Id.*

*See Khalil v. New Jersey Div. of Child Prot. & Permanency*, No. 14-1506, at 5-6 (3d Cir. Dec. 8, 2014) (emphasis added). Thus, the Panel added a requirement that the Plaintiffs-Appellants needed to allege that the Judge that issued the state court decision was part of the conspiracy in order not to be violative of *Rooker-Feldman*. The Panel misapplies the doctrine of Fraud on the Court alleged by the Plaintiffs-Appellants. Fraud on the Court involves fraud on the institution of the Court and an independent branch of government under the separation of powers guaranteed in the New Jersey Constitution and by the guarantee in the U.S. Constitution of a Republican form of Government.

> Authorship is important because, as noted above, we agree with the courts analyzing fraud upon the court which have required the fraud to be perpetrated by an "officer of the court."

*See Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005). It is clear that officers of the Court include "attorney and counsellors". *See Ex parte Garland*, 71 U.S. 333, 18 L. Ed. 366 (1866). The Panel acknowledged that the Complain alleges a conspiracy of the Defendants involving, *inter alia*, State Deputy Attorney

4

General Livengood. Nothing in the Plaintiffs-Appellants' Complaint states that the Judge that issued the Order is not part of the conspiracy. But there is no requirement that the "state court orders those [Un-Constitutional] actions allegedly caused" be caused by a conspiracy with the decision-maker. This has nothing to do with the *Rooker-Feldman* doctrine, and is rather a contortion of this doctrine designed to prevent any meritorious action involving a state child protective services employee from proceeding where there is some state court order against the plaintiff. This must not stand, as it is contrary to the *Rooker-Feldman* doctrine and its application in this Circuit.

The Panel also misapplies the decision of *Ernst v. Child and Youth Servs. of Chester County,* 108 F.3d 486 (3d Cir.1997).

> Nor can Khalil find refuge in our decision in *Ernst v. Child and Youth Servs. of Chester County,* 108 F.3d 486 (3d Cir.1997). In *Ernst,* we concluded that the *Rooker–Feldman* doctrine did not apply to a plaintiff's claims of bias against employees of the Chester County Children & Youth Services ("CYS"), who the plaintiff alleged harbored improper motives for seeking an adjudication of dependency regarding her granddaughter. *Id.* at 492. In so holding, we noted that a state court's decision regarding dependency is not based on any determination that the CYS employees were pursuing the determination for an improper motive. *Id.* Here, however, Khalil directly attacks the state-court judgment, claiming that it erroneously terminated his parental rights as the result of allegedly false accusations, concealed facts, and wholly fabricated statements on the part of the DCP & P employees. It is therefore impossible for us to grant Khalil relief without concluding that the foundation for the state court's opinion was incorrect, thereby rejecting the

5

state court's judgment regarding his parental rights. This result is barred by the *Rooker–Feldman* doctrine.

*See Khalil v. New Jersey Div. of Child Prot. & Permanency*, No. 14-1506, at 6-7 (3d Cir. Dec. 8, 2014).

The Complaint in the within action alleges a cause of action for violations by the Defendants of Mohamed Khalil's United States Constitutional Rights pursuant to 42 U.S.C. §1983 as a result of actions taken by the Defendants, employees and agents of New Jersey's Department of Children & Families and Division of Child Protection & Permanency, in violation of those rights, including discrimination and retaliation against Mohamed Khalil because of his religious faith as a Muslim in violation of the First Amendment and his due process rights under the Fourth and Fourteenth Amendments.  The actions of the Defendants resulted in the placement of his child with a foster family of Christian faith that adopted him, changed his name and his religious faith.  In the course of this Unconstitutional action, it is alleged that the Defendants committed fraud on the court and that "It was the actions of the Defendants, in violation of Mohamed Khalil's civil rights, that resulted in the termination of his parental rights."  *See* Complaint at ¶46.  The maliciousness of the Defendants conduct was exposed when a Division of Child Protection & Permanency employee verbally assaulted Mr. Khalil for the assertion

of his due process rights, stating "I am DYFS; he [Mohamed Khalil] is a terrorist. We [DYFS] have his son. Ha Ha. How much did you pay your lawyer, $80 Grand? And you still don't have your son. Because you never will. Because we [DYFS] will never give him back." *See* Complaint at ¶108.  These allegations are clearly of the type which are not violative of *Rooker-Feldman* as found in *Ernst v. Child and Youth Servs. of Chester County,* 108 F.3d 486 (3d Cir.1997).

The practice of federal courts dismissing meritorious §1983 Civil Rights cases because the court determines that the complaint is "really" a complaint to vacate a state court judgment, when that complaint clearly does not seek this relief, must end, and the within case is the opportunity for the Third Circuit to put this practice to rest.

## **CONCLUSION**

For the foregoing reasons, it is respectfully submitted that the Third Circuit Panel's decision be reversed and relief requested by the Appellants granted.

Dated:       February 18, 2015         Respectfully Submitted,

/s/ Kenneth Rosellini

_____
KENNETH ROSELLINI

7